PAMELIA A. MARSH, APPELLANT, v. HARRY S. HOUSE
AND OTHERS, RESPONDENTS.

*Usury — action by devisee of mortgagor, to set aside a mortgage on the ground of —
plaintiff must first offer to pay the amount loaned to his ancestor.*

APPEAL from a judgment entered on the report of a referee
dismissing the complaint.

This action was brought to set aside a deed of certain premises
executed by one Joseph F. Wiley and the plaintiff, his wife, to
Benjamin Raymond, now deceased, on the ground that the deed
was given to secure the payment of money loaned by Raymond to
Wiley at a usurious rate of interest, to wit, twelve per cent.

The plaintiff, appellant, claims in the complaint a life estate in the
use, rents and revenues of the lands, as devisee of the same under
Wiley's will, and also claims to be the executrix named in his will,
and alleges that the remainder-men, except one, conveyed to her,
all their interest in the real and personal property of Joseph F.
Wiley, in his lifetime.   The complaint does not allege repayment of
the amount received by Wiley of Benjamin Raymond, or contain an
offer to repay, nor was any such repayment or offer proved upon the
trial.   The defendants moved to dismiss the complaint on the ground
that it did not state facts sufficient to constitute a cause of action
and the motion was granted, and from the judgment entered thereon
this appeal was taken.   The court at General Term said :

" The other action is brought in equity to set aside a conveyance,
absolute on its face, not alleged to be in fact a mortgage, on the
ground of usury.   It was a well-known rule that when a party came
into equity to set aside an instrument on the ground of usury, he
was required to do equity by offering to pay what he had borrowed,
with legal interest.   This, of course, did not prevent a party from mak-
ing a defense at law without any such terms.   The rule has been modi-
fied by statute in behalf of the borrower (Laws 1837, chap. 430),
and the borrower is not now required to pay, or to offer to pay, the
money borrowed.   But this statute modification extends only to the
borrower.   (*Wheelock* v. *Lee*, 64 N. Y., 246.)   Other persons must
still do equity if they would have equity.   Mrs. Marsh was not a

borrower. She never owed the money. She is the devisee of Wiley, who, as she claims, borrowed the money. She cannot, therefore, maintain the action in equity without offering to refund what was received."

*Ralph Swinburne*, for the appellant. *Taylor & Kilburn*, for the respondents House and King, as executors, etc.

*Albert Hobbs*, for the respondents Raymond and Flanders. *W. P. Cantwell*, for the respondents W. W. and H. E. King.

Opinion *per Curiam*.

Present — LEARNED, P. J., BOCKES and OSBORN, JJ.

Judgment affirmed, with costs.